IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEVEN D. GUSTAFSON, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | Chapter 7 |
| | ) | |
| LARRY L. THOMPSON, MARY S. | ) | |
| WATTS, and ARI J. ROSENTHAL, | ) | Bankruptcy No. 08-24332 |
| individually and on behalf of JAMES | ) | |
| GUSTAFSON AND THOMPSON, LTD., | ) | Adversary No. 09-00124 |
| an Illinois Subchapter S corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN D. GUSTAFSON, KIMBERLY | ) | |
| GUSTAFSON, and LENORE BRIGHT, | ) | |
| n/k/a LENORE HAREST, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF KIMBERLY GUSTAFSON TO SUPPLEMENT HER MOTION TO VACATE ORDER OF DEFAULT**

NOW COMES Defendant, KIMBERLY GUSTAFSON by and through her attorneys, MOMKUS McCLUSKEY, LLC, and for her Motion to Supplement her Motion to Vacate Order of Default, states as follow:

1. On July 14, 2009, Kimberly Gustafson filed her Motion to Vacate Appearance, Set Aside Order of Default, and for Leave to File Appearance (hereinafter, "Motion to Vacate"). See Docket No. 46. In the Motion to Vacate, Kimberly Gustafson argued that this Court should vacate its April 17, 2009 order of default against her because she had not been notified or had

1

knowledge of the instant proceedings or the default order entered against her until on or about May 21, 2009. *Id.*

2. Kimberly Gustafson seeks to supplement her Motion to Vacate to present her argument that the bankruptcy court lacks subject matter jurisdiction over the claim filed against her and, therefore, lacked the jurisdiction to enter the April 17, 2009 order of default.

3. In brief, bankruptcy courts only have jurisdiction to adjudicate proceedings "arising in," "arising under," or "related to" a case under title 11. *In re Fedpak Sys., Inc.*, 80 F.3d 207, 213 (7th Cir., 1996). The Seventh Circuit interprets "related to" jurisdiction narrowly. *Id.*

> "The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, *would be ordinary stand-alone lawsuits between the debtor and others* but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum. A secondary purpose is to force into the bankruptcy court suits to which the debtor need not be a party but *which may affect the amount of property in the bankrupt estate*."

*Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-162 (7th Cir., 1994). (Emphasis provided). (Citations omitted).

4. The only count in the Complaint against Kimberly Gustafson is for unjust enrichment, naming Kimberly Gustafson only. As such, the proceeding against Kimberly Gustafson is not a "core" proceeding. Under the cause of action, Plaintiffs seek a judgment in their favor and against Kimberly Gustafson for an amount in excess of $600,000. See Docket No. 1, Count VI.

5. This count for unjust enrichment is a state law cause of action generally deemed to be "non-core" by bankruptcy courts. *See In re K&R Express Systems, Inc.*, 382 B.R. 443, 447 (N.D.Ill., 2007).

6. Furthermore, the count at issue is a claim *by a non-creditor against a non-creditor that seeks to totally bypass the debtor's estate*. As such, neither purpose of "related to" jurisdiction, as stated by the Seventh Circuit, it met here.

7. Firstly, the count against Kimberly Gustafson is not a "lawsuit between the debtor and others." Rather, the count does not involve Debtor and can be severed and remanded to state court.

8. Secondly, the judgment sought by Plaintiffs will not affect the amount of property in the bankruptcy estate – Plaintiffs seek a judgment that will bypass the bankruptcy estate altogether and directly profit them, and no other creditor of Debtor. As such, Kimberly Gustafson seeks leave to fully brief this issue of the lack of subject matter jurisdiction before this Court.

WHEREFORE, Plaintiff, KIMBERLY GUSTAFSON, requests that this Honorable Court grant her seven (7) days in which to file a supplement to her Motion to Vacate Default Order.

Respectfully Submitted,

MOMKUS McCLUSKEY, LLC

By: ___/s/ Lauryn E. Parks____
      Lauryn E. Parks

Lauryn E. Parks
James F. McCluskey
MOMKUS McCLUSKEY, LLC
1001 Warrenville Road, Suite 500
Lisle, Illinois 60532
(630) 434-0400
(630) 434-0444 Fax
Attorneys for Defendant Kimberly Gustafson

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEVEN D. GUSTAFSON, ) | |
| ) | |
| Debtor, ) | |
| _____ ) | Chapter 7 |
| ) | |
| LARRY L. THOMPSON, MARY S. ) | |
| WATTS, and ARI J. ROSENTHAL, ) | Bankruptcy No. 08-24332 |
| individually and on behalf of JAMES ) | |
| GUSTAFSON AND THOMPSON, LTD., ) | Adversary No. 09-00124 |
| an Illinois Subchapter S corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVEN D. GUSTAFSON, KIMBERLY ) | |
| GUSTAFSON, and LENORE BRIGHT, ) | |
| n/k/a LENORE HAREST, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF MOTION**

To: Steven D. Gustafson            Larry Thompson
    1036 North Webster             Ari Rosenthal
    Naperville, IL 60540           Thompson, Rosenthal & Watts, LLP
    Via Electronic Service         40 Shuman Blvd. Suite 290
                                   Naperville, IL 60563
                                   Via Electronic Service

YOU ARE HEREBY NOTIFIED that on the **3rd** day of **September, 2009**, at 10:00 **a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Honorable John H. Squires**, or any other Judge as may be holding Court in his absence, in **Courtroom 4016**, 505 North County Farm Road, Wheaton, IL and shall then and there present the enclosed **Defendant, Kimberly Gustafson's Motion to Supplement her Motion to Vacate Order of Default**, at which time and place you may appear as you see fit to do.

MOMKUS McCLUSKEY, LLC


By: /s/Lauryn E. Parks
    Lauryn E. Parks

Lauryn E. Parks
Momkus McCluskey, LLC
1001 Warrenville Road, Suite 500
Lisle, Illinois 60532
630.434.0400
630.434.0444 FAX
Attorneys for Defendant, Kimberly Gustafson

4